UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

CASE NO.:

KAITLYN VINCENT,
JOSHUA J. FRANKLIN,
DEREK H. NGUYEN,

        Plaintiffs,

vs.

J N Z ENTERPRISES, INC.,
J N Z II ENTERPRISES, INC.
SHENEN ZHU,

        Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs, KAITLYN VINCENT, JOSHUA J. FRANKLIN, and DEREK H. NGUYEN through counsel, sue Defendants, J N Z ENTERPRISES, INC., J N Z II ENTERPRISES, INC. and SHENEN ZHU and allege the following:

**THE PARTIES**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendant's failure to pay overtime pay to Plaintiffs for all time worked in excess of forty (40) hours in one or more individual workweeks and retaliatory discharge under FLSA as well as the Illinois Whistleblower Act, Illinois Whistleblower Act, 740 ILCS 174, Et, Seq.

2. All Plaintiffs reside in and are domiciled within this judicial district.

3. At all times relevant hereto, Plaintiffs were Defendants' "employee(s)" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS § 105/3(d).

4. Defendants were Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3(c).

5. At all times material hereto, Defendants J N Z ENTERPRISES, INC. and J N Z II ENTERPRISES, INC., were domestic corporations which operated restaurant businesses in this judicial district and maintained stores at 6516 Riverside Blvd, Loves Park, Illinois 61111 and 145 Sundae Drive, Rockford, Illinois 61107, respectively.

6. At all times material hereto, both Defendants J N Z ENTERPRISES, INC. and J N Z II ENTERPRISES, INC., jointly controlled all of the named Plaintiffs' employment thereby qualifying them as joint employers as more fully defined by 29 C.F.R. 791.2(a). Specifically, during Plaintiffs' employment with Defendants, amongst other things:

    a. All Plaintiffs worked interchangeably at both restaurant locations;
    b. All Plaintiffs received instructions and directives from the same management irrespective of which location they worked at;
    c. Both corporate Defendants shared the same employees;
    d. Both corporate Defendants would commingle payroll and would interchangeably pay payroll for each other.

7. Defendants J N Z ENTERPRISES, INC. and J N Z II ENTERPRISES, INC. are collectively an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. At all times material hereto, Defendant SHENEN ZHU was the managing agent and owner of Defendants J N Z ENTERPRISES, INC. and J N Z II ENTERPRISES, INC.; said Defendant acted and acts directly in the interests of the Defendants, J N Z ENTERPRISES, INC. and J N Z II ENTERPRISES, INC., in relation to said co-Defendant's employees. Defendant effectively dominated Defendants J N Z ENTERPRISES, INC. and J N Z II ENTERPRISES, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others and in fact hired and/or fired the Plaintiffs and initially set their pay rate. Thus, SHENEN ZHU was the "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d) and IMWL, 820 ILCS § 105/3(c).

9. From about 4/1/2014 to 7/22/2015, Plaintiff KAITLYN VINCENT had been employed by Defendant as a cook and as part of her job responsibilities, handled goods and materials that were manufactured out of state and had moved in interstate commerce.

10. From about 8/15/2012 to 7/22/2015, Plaintiff JOSHUA J. FRANKLIN had been employed by Defendant as a cashier and as part of his job responsibilities, handled goods and materials that were manufactured out of state and had moved in interstate commerce.

11. From about 8/15/2012 to 5/15/2015, Plaintiff DEREK H. NGUYEN had been employed by Defendant as a manager, cashier and driver and as part of his job responsibilities, handled goods and materials that were manufactured out of state and had moved in interstate commerce.

12. During the course of all of the Plaintiffs' employment by Defendants, despite none of the Plaintiffs being exempt from the overtime provisions of the FLSA, 29 U.S.C. §201, *et seq*. or the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS

105/1 *et seq.*, Defendants nonetheless failed to pay Plaintiffs any overtime pay.

## JURSDICTION AND VENUE

13. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff, KAITLYN VINCENT's state law claims pursuant to 28 U.S.C. § 1367.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME WAGES
## (ALL DEFENDANTS)

Plaintiffs, KAITLYN VINCENT, JOSHUA FRANKLIN, and DEREK H. NGUYEN reaver and reallege Paragraphs 1 through 13, as if fully set forth herein.

14. Plaintiffs collectively allege in this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiffs are entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15. In one or more individual work weeks, Defendants did not compensate Plaintiffs at one and one-half times the regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

16. Defendants willfully violated the Fair Labor Standards Act by failing to pay Plaintiffs all time worked in excess of forty (40) hours per week at the overtime premium rate.

WHEREFORE, Plaintiffs prays for a judgment against Defendants as follows:

    A.    A judgment for one and one-half times the regular rate of pay for all time which Plaintiffs worked in excess of forty (40) hours per week;

    B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

    C.    Reasonable attorney's fees;

    D.     Costs incurred in filing this action; and

    E.     Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW "(IMWL")**
**(ALL DEFENDANTS)**

Plaintiffs, KAITLYN VINCENT, JOSHUA FRANKLIN, and DEREK H. NGUYEN reaver and reallege Paragraphs 1 through 13, as if fully set forth herein.

17.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

18.    The matters set forth in this Count also arise from Defendants violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

19.    Pursuant to 820 ILCS 105/4a, for all work weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times the regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

20.    Defendant violated the IMWL by refusing to compensate Plaintiffs at one and one-half times the regular hourly rate of pay for all time worked in excess of forty (40) hours in one or more individual work weeks.

21.    Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiffs prays for a judgment against Defendant as follows:

    A.     A judgment for all unpaid overtime in the amount of one and one-half times the hourly wage rate for the time which Plaintiffs worked in excess of forty (40) hours per week;

    B.      Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a)

    C.      Reasonable attorney's fees;

    D.      Costs incurred in filing this action; and

    E.      Such other and further relief as this Court deems appropriate and just.

## COUNT III
## VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA
## (KAITLYN VINCENT)
## (ALL DEFENDANTS)

22. Plaintiff, KAITLYN VINCENT reavers and realleges paragraphs 1-13 herein.

23. Plaintiff complained/objected to Defendants' practices of unlawfully failing to pay the appropriate pay.

24. In response to Plaintiff's objections and protestations, Defendants through Defendant SHENEN ZHU retaliated against Plaintiff and fired Plaintiff in violation of 29 U.S.C. sections 215(a)(3).

WHEREFORE, Plaintiff, KAITLYN VINCENT demands judgment against all Defendants jointly and severally including but not limited to back and front pay, lost benefits and other remuneration and an additional equal amount as liquidated damages (see 29 U.S.C. § 216(b)), appropriate equitable relief (e.g., employment, reinstatement, promotion), award of cost, fees and such other remedy as the court deems just and appropriate.

## COUNT IV
## ILLINOIS WHISTLEBLOWER ACT VIOLATION
## (KAITLYN VINCENT)
## (ALL DEFENDANTS)

25. Plaintiff realleges paragraphs 1 through 13 and 24 as if fully set forth herein.

26. Defendants' referenced unlawful retaliatory personnel action towards Plaintiff after raising objections/protesting the unlawful activity of Defendants is in violation of the

Illinois' Whistleblower Act, 740 ILCS 174(20).

27. As a direct and proximate result of Defendant's violation of the Whistleblower Act, Plaintiff has suffered losses and will suffer losses including, but not limited to, loss of wages, benefits, other remuneration and emotional distress.

WHEREFORE, Plaintiff seeks judgment against all Defendants jointly and severally for back and front pay, lost benefits and other remuneration, compensatory damages, appropriate equitable relief, and award of cost, fees and expenses under 740 ILCS 174(30).

Dated: August 15, 2015

Respectfully submitted,

James M. Loren, Esquire
Loren Law Group
100 S. Pine Island Rd - Suite 132
Plantation, FL 33324
Phone:     (954) 585-4878
Facsimile (954) 585-4886
E-Mail: JLoren@Lorenlaw.com

*/s/ James M. Loren*
_____
James M. Loren, Esquire

Goldberg & Dohan, P.C.
Kimberly Coffey, Esquire
1700 Park Street - Suite 103
Naperville, IL 60563
Phone:     (800) 719-1617 x 1032
Facsimile: (888)272-8822
E-Mail: KCoffey@GoldbergDohan.com

*/s/ Kimberly Coffey*
_____
Kimberly Coffey, Esquire